**WHITES STORES, INC., Appellant,**

v.

**Thomas M. NOWASKI, Laura Nowaski, Barry W. Barnes, Maureen Barnes, Kenneth R. Orr, Deanna S. Orr, Ray Radford, Irene Mary Radford, Angela D. Radford, Frank E. Doe, David Michael Hudson, and Joyce Doe, Appellees.**

No. 2-88-021-CV.

Court of Appeals of Texas, Fort Worth.

Nov. 9, 1988.

Thompson & Knight, Richard E. Gray, William T. Hankinson, and Hal R. Ray, Jr., Dallas, for appellant.

James R. Clark & Associates, P.C., James R. Clark, Houston, for appellees.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Whites Stores, Inc. (Whites), brought this suit in Wichita County against appellees over guarantees they made on behalf of several now-bankrupt corporations. Appellees have previously brought suit against Whites in Jefferson County (Jefferson County suit). The Wichita County trial court granted appellees' plea in abatement and dismissed the instant cause without prejudice. Whites appeals the granting of the plea and dismissal.

We affirm.

This case represents the consolidation of five separate causes of action. Appellees are the guarantors of debts of corporations which were Whites Stores Series 4000 dealerships. Each of the corporations is in a Chapter 7 liquidation proceeding in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. Some of the appellees are plaintiffs in a suit brought on October 23, 1985, in Jefferson County against Whites and others. That suit alleged wrongful control of appellees' businesses, common law fraud, statutory fraud, breach of fiduciary obligations, anti-trust violations, Texas Deceptive Trade Practices—Consumer Protection Act violations (TEX.BUS. & COM.CODE ANN. secs. 17.41—17.63 (Vernon 1987)), and common law unfair trade practices on the part of appellant and others. All causes related to the formation and operation of the dealerships. Notably, appellees pleaded that Whites fraudulently induced them to form the corporations and enter into the Dealership Agreements. However, appellees did not challenge the validity of the guarantee agreements or ask for their recision.

Whites brought this suit on December 24, 1986, to recover amounts owed by the corporations which appellees guaranteed. Some of the guarantors in this case were not plaintiffs in the Jefferson County case. Appellees moved that the suits be abated on common law grounds and that the claims were compulsory counter-claims under rule 97(a). The trial court granted appellees' plea in abatement and eventually dismissed the instant case without prejudice. The trial court's order did not specify on which grounds the plea in abatement was sustained.

Appellant raises three points of error with regard to the granting of the plea in abatement. Point one asserts that the trial court abused its discretion in granting the plea as there was no identity of parties between the two suits. Point two alleges that the trial court abused its discretion in granting the plea as there was no identity of issues. Both points one and two seem to rely on common law grounds of plea in abatement rather than the theory of compulsory counterclaims. Point three states the trial judge abused his discretion by granting the plea based on the theory of compulsory counterclaim. Since we decide to uphold the granting of the plea of abatement on compulsory counterclaim grounds, we need not rule on points one or two.

■ Appellant asserts that the guarantee suit was not a compulsory counterclaim to the Jefferson County suit because the parties to the suits are different, and because the guarantees did not rise out of the same occurrence or transaction as the Jefferson County suit. Rule 97(a) of the Texas Rules of Civil Procedure reads in pertinent part:

(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

TEX.R.CIV.P. 97(a). Appellant contends that its recovery on the guarantees is not a compulsory counterclaim under rule 97(a) since the parties are not the same. While it is true that the parties are not the same (some of the guarantors were not in the Jefferson County case), this is not the standard in determining a compulsory counter-

claim. The question is whether the claim requires for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. In their plea of abatement appellees asserted that the Jefferson County court could acquire jurisdiction over the remaining guarantors. In its response appellant did not refute this statement. In the absence of assertions or evidence to the contrary, we must presume that the trial court had evidence to show that jurisdiction could have been obtained in Jefferson County over the remaining guarantors.

The remaining issue is whether the guarantee arose out of the same transaction or occurrence as the Jefferson County suit. We note that the trial judge's decision on whether to grant a plea in abatement is reviewed on an abuse of discretion standard. *See Dolenz v. Continental Nat. Bank of Fort Worth,* 620 S.W.2d 572, 575 (Tex.1981). We believe that the issues raised in the Jefferson County suit were sufficiently broad to encompass the guarantee agreements even though the validity of the agreements was not actually challenged in the Jefferson County suit. At issue in Jefferson County is the entire nature of the business relationship between the parties. Appellees alleged in the Jefferson County suit that they were fraudulently induced to enter into the dealerships. We think this would include the guarantees appellees signed.

Appellant cites several cases for the proposition that the guarantees did not arise out of the same transaction or occurrence as the Jefferson County lawsuit. We find those cases distinguishable from the case at hand. *See Reliance Universal, Inc. v. Sparks Indus.,* 688 S.W.2d 890 (Tex. App.—Beaumont 1985, writ ref'd n.r.e.); *First State Bank of Bishop, Tex. v. Norris,* 611 S.W.2d 680 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.); *Straughan v. Houston Citizens Bank & Trust,* 580 S.W.2d 29 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Livingston v. Gage,* 581 S.W.2d 187 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.); *Gulf States Abrasive Manufacturing Inc. v. Oertel,* 489 S.W.2d 184 (Tex.Civ.App.—Houston [1st

Dist.] 1972, writ ref'd n.r.e.). These cases stand for the proposition that a counterclaim is not compulsory when two different transactions are involved. In the present case the "transaction or occurrence" in the Jefferson County lawsuit is the entire business relationship between the parties. *See* 2 R. MCDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS sec. 7.49 (rev. 1982). The execution of the guarantee agreements is necessarily a part of the business relationship between the parties. Appellant's point of error number three is overruled.

Since we have overruled appellant's point of error three, and have no record of facts of a hearing on the plea in abatement, we cannot say the trial court abused its discretion in granting the plea in abatement based on rule 97(a). We find it unnecessary to rule on appellant's points of error one and two as our finding on point three will uphold the trial court's order. We note in passing that dismissal without prejudice is the proper remedy when a plea in abatement is sustained based on the pendency of another suit. *See Chem–Gas Engineers, Inc. v. Texas Asphalt & Refin. Co.,* 395 S.W.2d 690, 691 (Tex.Civ.App.—Waco 1965, writ ref'd n.r.e.).

The order of the trial court is affirmed.