**Robert REXFORD, Appellant,**

v.

**Daryl HOLLIDAY, Appellee.**

**No. 01–90–00136–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 14, 1991.

Jeffrey W. Steidley, Houston, for appellant.

Rodney J. Reynolds, Spring, Kyle W. King, Houston, for appellee.

Before EVANS, C.J., and O'CONNOR and HUGHES, JJ.

## OPINION

HUGHES, Justice.

This is an appeal from the trial court's award of damages to defendant, for a counterclaim, at a hearing on a motion to dissolve a writ of sequestration. We dismiss for lack of jurisdiction.

For the sake of clarity, a brief rendition of the facts and circumstances leading to the hearing on the motion to dissolve the writ of sequestration is in order. Daryl Holliday, appellee, manufactures replicas of the "427 Cobra" automobile. After seeing an advertisement, Robert Rexford, appellant, contacted Holliday about purchasing a car.

The terms of the purchase agreement reached by the parties is still a matter to be resolved in the underlying lawsuit. It is sufficient, for the purpose of resolving the issues put before this Court, to conclude that the record from the dissolution hearing demonstrates Rexford made an initial monetary deposit on March 21, 1988, so that Holliday would begin building an automobile for him. Part of the terms of the agreement was that Rexford was to make additional payments to Holliday. The dissolution hearing evidence conflicts regarding who breached the agreement. Rexford alleged he paid Holliday the entire agreed price and Holliday refused to continue working on the car unless Rexford paid him additional money. Holliday alleged Rexford failed to make progress payments, and consequently, he was unable to purchase materials to complete Rexford's automobile.

On September 12, 1989, Rexford filed suit seeking damages from Holliday based on his alleged breach of the parties' agreement. On the same day, Rexford also filed an application for a writ of sequestration. As a direct result of the issuance of the writ, an unfinished automobile and several other items were seized from Holliday's property. Holliday responded by filing a counterclaim for wrongful sequestration on October 11, 1989, and a motion to dissolve the writ of sequestration on October 16, 1989.

The motion to dissolve the writ of sequestration was set for hearing on October 20, 1989. As part of his evidence, Holliday submitted, without objection, testimony concerning damages allegedly incurred as a result of the sequestration of the property. Holliday's attorney testified to those attorney's fees that were incurred because of the wrongful sequestration. After hearing all of the evidence submitted, and argument of counsel, the trial court dissolved the writ and ordered the property be returned to Holliday. In addition, the trial court assessed "general damages" against Rexford for $2500. as well as $4163.50 in attorney's fees on Holliday's counterclaim. The trial court then severed Holliday's counterclaim from Rexford's cause of action.

■ Sequestration is controlled by chapter 62 of the Texas Civil Practice and Remedies Code. Generally, an order to preserve property under the control of the court, or to dissolve such an order, is interlocutory and is not appealable. *Monroe v. General Motors Acceptance Corp.*, 561 S.W.2d 12, 13 (Tex.Civ.App.—Waco 1978, no writ).

Rexford does not complain about the trial court's dissolution of the writ of sequestration. He asserts the trial court committed reversible error in awarding damages to Holliday at the hearing. In points of error one through three, he maintains that an action for damages resulting from wrongful sequestration must be brought as a compulsory counterclaim, that he received no notice Holliday's counterclaim would be litigated at the sequestration

hearing, that the hearing was held before the answer date on Holliday's counterclaim, that he was denied his right to trial by jury, and that the trial court improperly severed Holliday's compulsory counterclaim from the underlying action.

Holliday argues that Rexford's failure to object to both the evidence submitted and counsel's argument, seeking damages, constituted a trial by implied consent. Holliday further argues that the severance of the compulsory counterclaim from Rexford's cause of action was proper because it was done by the trial court after it rendered judgment.

Pursuant to TEX.CIV.PRAC. & REM. CODE ANN. § 62.041 and § 62.042 (Vernon 1986), the trial shall conduct a hearing 10 days after the defendant's filing of written motion. We must resolve whether the trial court acted properly in rendering judgment for Holliday contemporaneously with the dissolving the writ. The following sections of chapter 62 are germane to that issue:

### § 62.043. Dissolution

(a) Following the hearing, the writ must be dissolved unless the party who secured its issuance proves the specific facts alleged and the grounds relied on for issuance.

(b) If the writ is dissolved, the action proceeds as if the writ had not been issued.

### § 62.044. Compulsory Counterclaim for Wrongful Sequestration

(a) If the writ is dissolved, any action for damages for wrongful sequestration *must be brought* as a compulsory counterclaim.

(b) In addition to damages, the party who sought dissolution of the writ may recover reasonable attorney's fees incurred in dissolution of the writ.

TEX.CIV.PRAC. & REM.CODE ANN. §§ 62.043 and 62.044 (Vernon 1986) (emphasis added).

Section 62.044 dictates an action for damages for wrongful sequestration *must be brought as a compulsory counterclaim* to the plaintiff's claim for damages. Typically, the term "must" has been construed to give mandatory, rather than directory effect to a statute. *Inwood North Home-*

*owners' Ass'n, Inc. v. Meier,* 625 S.W.2d 742, 743 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). In deciding whether or not a statute is mandatory, we must consider the legislative intent and objectives of the entire act, and the consequences that follows from the construction of the statute. *Moore v. City of Corpus Christi,* 542 S.W.2d 720, 723 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.).

Looking to the language of section 62.043(a), we find the burden is on the party who obtained the writ to prove both the facts alleged and the grounds relied on for its issuance. If that party fails to meet its burden, the writ *must* be dissolved. However, section 62.043(b) dictates that if the writ is dissolved, the action proceeds as if the writ was never issued. Consequently, we find that the legislature did not intend the dissolution hearing to be dispositive of ownership of the property at issue.

In this case, Rexford properly sought to have his action for replevy of property to be heard before a jury. Pursuant to section 62.043(b), the trial court's dissolution of the writ of sequestration has no effect on Rexford's action. Moreover, there is authority stating Holliday's actions for damages could be barred if Rexford was to prevail at trial and was awarded the sequestered property. *Kelso v. Hanson,* 380 S.W.2d 187, 189 (Tex.Civ.App.—Amarillo 1964, rev. o.g. 388 S.W.2d 396) (where an owner has been awarded title and possession of property as against defendants to suit, such judgment is res adjudicata to the right of defendants to recover damages from owner for taking possession under sequestration proceedings); *Darr Equip. Co. v. Holland Page, Inc.,* 355 S.W.2d 595, 597 (Tex.Civ.App.—Austin 1962, writ dism'd); *Hunt v. Bagwell,* 111 S.W.2d 312, 318 (Tex.Civ.App.—Eastland 1937, no writ) (award of title to sequestered property to the party who sued out of a writ of sequestration is a bar to an action for wrongful sequestration).

On the basis of our interpretation of section 62.043, we construe the term "must" in section 62.044 to be mandatory,

thus, allowing Holliday to assert a counterclaim only after having the writ dissolved. Therefore, the severance of those counterclaims did not make the interlocutory proceeding final. Because this is an appeal from an interlocutory proceeding, this appeal must be dismissed for lack jurisdiction. *Monroe,* 561 S.W.2d at 13.

The appeal is dismissed.

EVANS, C.J., not participating.