Edward J. DENNIS, Jr. and Garth Tejano Dennis, Appellants,

v.

FIRST STATE BANK OF TEXAS f/k/a United Commerce Bank Of Highland Village, N.A., James Keffer, J. Blair Barclay, Jay Rodgers, David Hammer, Tarrant County Sheriff's Department, Jerry Thetford, Jim Palmer–constable Precinct Five, And Tarrant County, Texas, Appellees.

No. 2–97–246–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 1, 1998.

Fielding, Barrett & Taylor and Daniel R. Barrett, Fort Worth, for Appellants.

Jack M. Kuykendall, Dallas, Tim Curry, Criminal District Attorney, Ann Diamond, Assistant District Attorney, Fort Worth, for Appellees.

Before CAYCE, C.J., and DAY and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

## INTRODUCTION

Edward J. Dennis, Jr. and Garth Tejano Dennis (appellants), appeal from the trial court's grant of summary judgment in favor of First State Bank of Texas, United Commerce Bank of Highland Village ("UCB"), James Keffer, J. Blair Barclay, Jay Rodgers, David Hammer, the Tarrant County Sheriff's Department, Jerry Thetford, Jim Palmer, in his capacity as Constable of Precinct Five, and Tarrant County.[1] Appellants complain, in two points, that the trial court erred in granting summary judgment, both because they were not parties to the two previous lawsuits on which the trial court based its judgment, and because they did not have the opportunity to fully and fairly litigate the issues in the previous suits. Because we determine that appellants' claims are barred, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The background of this case is rather involved. However, a brief overview is helpful to an understanding of the issues. In 1991, Edward obtained the capital to start both IQuest and its subsidiary, Margent Corporation, which he became the majority stockholder of. Garth, Edward's son, chartered IQuest and Margent and was a minority stockholder in both companies. The purpose of IQuest was to develop certain technology and Margent was to market the technology. UCB provided funding both to IQuest and to Edward. That funding formed the basis for two previous lawsuits: United Commerce Bank of Highland Village, N.A. v. IQuest Corporation, and United Commerce Bank of Highland Village, N.A. v. Edward J. Dennis, Jr.

In the first suit, "the IQuest suit", UCB sued IQuest on a $50,000 promissory note that IQuest had assumed from Edward, who was the original maker of the note. At the same time, UCB filed an application for a writ of sequestration, requesting the seizure of certain property that had secured the note. Edward filed a motion to intervene in the IQuest suit. However, an agreed judgment for the amount owed on the note, plus attorneys fees and court costs, was entered against IQuest in favor of UCB, before Edward filed the motion to intervene, which was then denied.

UCB then filed the second suit, the Dennis suit, against Edward individually alleging that he had hidden certain collateral and kept it from being sequestered in the IQuest suit. The Dennis suit was tried to a jury which found that Edward intentionally converted property belonging to UCB. Based on the jury's findings, the court entered a judgment in favor of UCB and against Edward for $23,043.51, plus interest and costs.

Appellants then filed this suit against appellees in May, 1995. Appellants alleged nineteen causes of action in the trial court. Appellants alleged causes of action for: conspiracy, wrongful sequestration (three orders); abuse of process; deceptive trade practices; civil rights violations; usury; conversion; statutory and common law fraud; negligence; intentional infliction of emotional distress; breach of fiduciary duty; tortious interference with business relations; declaratory judgment; violations of chapter nine of the business and commerce code; breach of contract; and accounting.

The bank appellees and the county appellees each filed motions for summary judgment. The motions alleged that all of Edward's causes of action were barred by rule 97(a) of the rules of civil procedure, by section 62.044(a) of the civil practice and remedies code, or by the doctrine of res judicata, because all of the facts and causes of action were raised or should have been raised as

---

1. We will sometimes refer to First State Bank of Texas, United Commerce Bank of Highland Village, James Keffer, J. Blair Barclay, Jay Rodgers, and David Hammer collectively as the bank appellees. Also, we will sometimes refer to the Tarrant County Sheriff's Department, Jerry Thetford, Jim Palmer, and Tarrant County collectively as the county appellees.

compulsory counterclaims in the IQuest suit or the Dennis suit.

With respect to Garth, the motions alleged that the causes of action were also barred by the doctrine of res judicata because Garth was in privity with Edward, and because Edward raised a counterclaim in the second suit. The bank appellees alleged, that because Edward raised a counterclaim, thereby putting himself (and therefore Garth) in the posture of a plaintiff in that suit, Edward was required to bring all causes of action arising under the same set of facts and circumstances both by res judicata and rule 97(a). The trial court granted the appellees' motions for summary judgment.

## APPLICABLE LAW

### SUMMARY JUDGMENT

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990); *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *See Great Am.*, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *See City of Houston*, 589 S.W.2d at 678.

A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *See Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). To accomplish this, the defendant-movant must present summary judgment evidence that negates an element of the plaintiff's claim. Once this evidence is presented, the burden shifts to the plaintiff to put on competent controverting evidence that proves the existence of a genuine issue of material fact with regard to the element challenged by the defendant. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995).

### RES JUDICATA

Res judicata prevents the relitigation of a claim that has been finally adjudicated, as well as all related matters that reasonably could and should have been litigated in the prior suit. Texas uses the transactional approach to res judicata. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex.1992). A final judgment extinguishes the right to bring other suits on the transaction or series of transactions involved in that litigation. In determining whether the transaction is the same, we consider and weigh "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business ... usage." *Id.* at 631 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)). Thus, a subsequent suit is barred if it arises out of the same subject matter involved in a previous suit and which, through the exercise of diligence, could have been litigated in that suit. *See Lone Star Partners v. NationsBank Corp.*, 893 S.W.2d 593, 597 (Tex.App.—Texarkana 1994, writ denied).

## COMPULSORY COUNTERCLAIMS UNDER RULE 97(a)

 Rule 97(a) requires that a pleading assert a counterclaim if it meets six elements. A counterclaim is compulsory if: (1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the action is mature and owned by the pleader at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex.1988); *see also* TEX.R. CIV. P. 97(a). If a claim meets these elements, it must be asserted in the initial action. A defendant's failure to assert a compulsory counterclaim precludes its assertion in later actions. *See Wyatt*, 760 S.W.2d at 247. If a compulsory counterclaim is not brought in the appropriate action, then that claim is lost against the opposing party in the action as well as against third parties that should have been brought into the action under the compulsory counterclaim rule. Regardless of whether or not the parties are the same, the question is whether the claim requires for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. *See Whites Stores, Inc. v. Nowaski*, 760 S.W.2d 53, 54–55 (Tex.App.—Fort Worth 1988, no writ).

## CIVIL PRACTICE AND REMEDIES CODE SECTION 62.044(a)

 Section 62.044(a) requires that if a writ of sequestration is dissolved, any action for damages for wrongful sequestration must be brought as a compulsory counterclaim. The language of this section has been construed to be mandatory, rather than directory. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 62.044(a) (Vernon 1997); *Rexford v. Holliday*, 807 S.W.2d 356, 358 (Tex.App. Houston [1st Dist.] 1991, no writ). Section 62.044(a), together with section 62.043, requires that a writ of sequestration be dissolved before a claim for wrongful sequestra-

tion is brought in the same lawsuit. *See Rexford*, 807 S.W.2d at 358; *see also* TEX. CIV. PRAC. & REM.CODE ANN. §§ 62.043, 62.044(a).

### STANDING

 To maintain a lawsuit, a person must have standing to litigate the matters at issue. *See Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex.1984). Standing consists of some personal interest peculiar to the person individually and not as a member of the general public. *See id.* Without the breach of a legal right belonging to the plaintiff, no cause of action can accrue to his benefit. *See Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976); *Department of Hous. & Urban Dev. v. Nueces County Appraisal Dist.*, 875 S.W.2d 377, 379 (Tex.App.—Corpus Christi 1994, no writ); *Bell v. Moores*, 832 S.W.2d 749, 752 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

## APPELLANTS' CLAIMS ON APPEAL

### WERE APPELLANTS A PARTY OR IN PRIVITY WITH A PARTY IN THE IQUEST SUIT?

On appeal, appellants first contend that the trial court erred in granting appellees' motions for summary judgment because appellants were not a party or in privity with a party to the IQuest lawsuit. They argue, therefore, that the IQuest suit cannot form the basis for appellees' argument that appellants claims arising out of that suit are barred. Because we determine that all of appellants' claims could have been brought in the Dennis suit, we need not address this point.

### SUMMARY JUDGMENT EVIDENCE OF PRIVITY BETWEEN EDWARD AND GARTH

 Appellees offered summary judgment evidence to establish that Garth was in privity with Edward and that, therefore, his claims are also barred. That evidence included the following: Garth and Edward were the co-owners of IQuest Corporation and its subsidiary, Margent Corporation; and they were the co-developers of the technology that Edward asserted was the target of UCB's conspiracy. Additionally, appellees

argued that a number of the causes of action pleaded by appellants only involve Edward, and factually could not involve Garth.

 There is no general definition of privity that can be applied to all res judicata cases. Rather, the circumstances of each case must be examined. *See Getty Oil Co. v. Insurance Co. of N. Am.,* 845 S.W.2d 794, 798 (Tex.1992). Privity connotes those who in law are so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. *See Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361, 363 (Tex.1971).

Based on the summary judgment evidence appellees offered, the trial court did not abuse its discretion in determining that Garth was in privity with Edward with regard to the Dennis suit.

### COULD APPELLANTS' CLAIMS HAVE BEEN LITIGATED IN THE DENNIS SUIT?

 Appellants argue in their second point that the trial court erred in granting summary judgment because they did not have an opportunity to fully and fairly litigate their claims in the Dennis suit. To support this argument, appellants rely solely on their assertion that they were prevented from litigating those issues because the attorney that represented Edward in the Dennis suit did not provide adequate representation. We view this argument as tantamount to an admission by appellants that the causes of action that they pleaded in this lawsuit could, with the use of due diligence, have been brought in the Dennis suit. Appellants offer no other legal argument to support their assertions that they were otherwise prevented or precluded from asserting their nineteen causes of action in the Dennis suit. To allow appellants another chance to relitigate the issues that should have been brought in the Dennis suit would circumvent the purpose behind the doctrine of res judicata and would allow a losing party to relitigate a cause of action based solely on an assertion of inadequate representation. The doctrine of res judicata does not allow for such a result. Rather, the rule is that if a suit involves closely connected, inextricably linked issues, as here, they needed to be litigated, if at all, in the Dennis suit. *See Nowaski,* 760 S.W.2d at 54–55.

 Additionally, appellants have wholly failed to brief or otherwise support their assertion that the trial court erred in granting summary judgment on each of the individual nineteen causes of action that they pleaded in the trial court. This court is not required to search the record for evidence supporting appellants' position, and we refuse to do so. *See* TEX.R.APP. P. 38.1(g), (h); *Hall v. Stephenson,* 919 S.W.2d 454, 466–67 (Tex.App.—Fort Worth 1996, writ denied). Accordingly, we overrule appellants' second point.

### CONCLUSION

Having overruled both of appellants' points, we affirm the trial court's judgment.