

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00110-CV

IN RE DAVID POWELL AND DOUBLE 09 RANCH, L.L.C.

Original Mandamus Proceeding

Before Morriss, C.J., Stevens and Carter,* JJ.
Opinion by Justice Stevens

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

# OPINION

David Powell and Double 09 Ranch, L.L.C., entered into a joint venture with Randy Baker and Heart of the Heart Ranch (HHR) to create and run a commercial hunting operation, Heart of the Heart Whitetails (HHW). A dispute arose between the parties, and Powell and Double 09 filed a suit against Baker and HHR in Gregg County, Texas, alleging causes of action for fraudulent inducement, negligent misrepresentation, breach of contract, and an accounting. Baker and HHR filed an answer in the Gregg County case and then filed an action against Powell and Double 09 in the 452nd Judicial District Court of Mason County, Texas, raising claims related to HHR, its property, and its operation. Baker also filed a plea in abatement in the Gregg County case, arguing that the district court in Mason County had dominant jurisdiction over the case. After a hearing, the County Court at Law Number 2 of Gregg County granted Baker's plea in abatement and later denied Powell's motion to reconsider. Powell and Double 09 filed this petition for a writ of mandamus asking this Court to order the trial court to vacate its abatement order and deny Baker's plea in abatement. Because we find that the petitioner has failed to show that the trial court committed an abuse of discretion, the petition is denied.

## I.    Mandamus Review

"Mandamus is an extraordinary remedy, and to be entitled to such relief, a petitioner must show that the trial court clearly abused its discretion and that the petitioner has no adequate remedy by appeal." *In re Coats*, 580 S.W.3d 431, 435 (Tex. App.—Texarkana 2019, orig. proceeding) (citing *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding)). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly

2

analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "It is [Relators'] burden to show entitlement to the requested relief." *In re Coats*, 580 S.W.3d at 435. Relators "must therefore show that [they] seek[] to compel a ministerial act not involving a discretionary or judicial decision." *Id.* (citing *Walker*, 827 S.W.2d at 837; *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding)).

## II. Legal and Factual Background

Powell and Baker owned adjoining ranches in Mason County—the Double 09 and Heart of the Heart Ranch, respectively. In 2009, Powell and Baker entered into a joint venture commercial hunting operation, HHW. To form the hunting property of HHW, the parties granted easements to HHW, giving it the right to use and operate on 451.236 acres of the Double 09 Ranch and 1,195.53 acres of HHR. Powell contends that he contributed more than $900,000.00 in additional funds to encircle the property with high fencing and obtain deer breeding stock and other infrastructure. In 2013, the parties formalized the structure of HHW, the amount and value of the parties' contributions, the easements allowing HHW to operate on the "contributed" property, and management structure by executing a formal, written company agreement (the Agreement).

Under the terms of the Agreement, HHW has two members, Double 09 and HHR, who have equal voting power, and two managers, Powell and Baker. The Agreement generally requires unanimous consent of the manager and members to make any significant decision or perform any significant company action.

3

In July 2020, Powell, individually and as representative of Double 09 Ranch, filed suit in the County Court at Law Number 2 of Gregg County against Baker, individually and as representative of HHR, seeking an accounting and money damages for fraudulent inducement, negligent misrepresentation, and breach of contract. Powell did not name HHW as a party to the suit. Powell alleged that Baker, either knowingly or negligently, made the following false representations that he relied upon to his detriment in entering into the Agreement: (a) if Powell would fund the fencing and infrastructure, Baker had the contacts and expertise to establish, manage, and operate the commercial hunting operation while avoiding unreasonable damages, abuse, or misuse of company property; (b) all of Baker's contributed property was suitable for commercial deer hunting; (c) TEK Outdoors would spend $300,000.00 per year bringing hunters to HHW; (d) Baker would keep accurate records of receipts and expenditures; and (e) Baker would not take any money from the operation except as allowed by the Agreement. Powell maintained that, through Baker, HHW had improperly paid wages to Baker and his son; that Baker had "assumed total control of the physical operation of [HHW]," excluding Powell; and that HHW had "deer that [could not] be accounted for and money that [could not] be accounted for."

Baker denied Powell's allegations, and Baker and HHR subsequently brought claims against HHW in the 452nd Judicial District Court seeking the appointment of a receiver to operate HHW during this dispute, a declaratory judgment regarding the parties' real property rights under the Agreement, and damages for breach of contract allegedly caused by Powell's actions and refusal to pay wages for needed company work. Baker sought the appointment of a receiver for HHW because the "members and managers of HHW [were] deadlocked," as Powell

4

and Double 09 refused to attend HHW company meetings, claimed that Baker and HHR were no longer a part of HHW, and opposed HHW conducting any further business "until the litigation [was] resolved," which threatened irreparable harm to HHW's deer population, as Baker's son had been feeding and caring for the deer as part of his work for HHW. A letter from Powell made several claims, including that Baker and HHR had withdrawn from HHW, that Powell was the sole manager of HHW, and that Powell would not approve any further hunts or sale of HHW's deer until the litigation was over. Baker alleged that Powell had altered the roads under easement, that he appeared to be "shutting off all access to the Double 09 property from the HHR property," that he had unilaterally "withdraw[n] the Double 09 land from use by HHW," and that, although he fed the deer on Double 09's contributed portion of the property, he did so from his personal funds. Baker asked the Mason County court to construe several provisions of the Agreement regarding the rights of HHR and HHW to the contributed properties and HHW's operation and winding up and to declare that Baker and HHR were not liable to Powell for the actions alleged in Powell's Gregg County action.

In response, Powell filed a plea in abatement in the Mason County action, arguing that the trial court should abate its proceedings because the County Court at Law Number 2 of Gregg County had dominant jurisdiction over the case. When the Mason County trial court denied his plea in abatement, Powell sought mandamus relief in the Fourth Court of Appeals in San Antonio, arguing that the trial court had committed a clear abuse of discretion by denying his plea. On August 18, 2021, the Fourth Court of Appeals denied his petition for mandamus relief. *In re Heart of the Heart Whitetails*, No. 04-21-00333-CV, 2021 WL 3639673 (Tex. App.—San Antonio Aug. 18, 2021, orig. proceeding) (per curiam) (mem. op.).

5

On August 12, 2021, Baker filed a plea in abatement in the Gregg County case arguing that the 452nd Judicial District Court of Mason County had mandatory and/or dominant jurisdiction over the two inherently interrelated cases. Baker's plea in abatement argued, in part, that the trial court should abate its proceedings because: (1) venue was mandatory in Mason County because the Mason County action sought the appointment of a receiver for HHW; (2) venue was mandatory in Mason County because the Mason County action sought the determination of interests in real property related to HHW; (3) the Mason County district court had denied Powell's plea in abatement; and (4) HHW, a named defendant in the Mason County case, was an indispensable party to the Gregg County case that could not be joined under the court's litigation control order. In response, Powell contended that (1) the receivership sought and appointed in the Mason County action was irrelevant, (2) the determination and construction of real property interests did not preclude the adjudication of the Gregg County action, (3) the Mason County trial court's denial of his plea to abate was irrelevant, and (4) HHW was not an indispensable party and, even if it were, it could still be joined as a defendant in the Gregg County action. After conducting a hearing on August 23, 2021, the trial court granted Baker's plea in abatement and ordered the Gregg County action abated until a final resolution of the Mason County case.

III.    **No Adequate Remedy By Appeal**

In a dominant jurisdiction case, mandamus is an available remedy for an erroneously granted plea in abatement, because, by granting Baker's plea in abatement, the trial court effectively denied Powell any other method of challenging its ruling until the Mason County case is resolved. *See In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 299–300 (Tex. 2016) (orig.

proceeding); *In re Sims*, 88 S.W.3d 297, 306 (Tex. App.—San Antonio 2002, orig. proceeding). Moreover, an order granting abatement may be reviewed by a petition for a writ of mandamus when the abatement is indefinite in duration. *In re Immobiliere Jeuness Establissement*, 422 S.W.3d 909, 914 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding) (per curiam). Therefore, Powell only has to show that the trial court committed a clear abuse of discretion.

## IV. The Trial Court Did Not Commit a Clear Abuse of Discretion

### A. Dominant Jurisdiction

Powell contends that the Gregg County trial court has dominant jurisdiction in this case because he filed the Gregg County action before Baker filed the Mason County action, and therefore, by granting Baker's plea in abatement, the trial court committed a clear abuse of discretion.

When two inherently interrelated suits are pending in two counties, the court in which suit is first filed generally acquires dominant jurisdiction to the exclusion of other courts if venue is proper there.[1] *In re Red Dot Bldg. Sys.*, 504 S.W.3d 320, 322 (Tex. 2016) (per curiam) (orig. proceeding); *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 294 (citing *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) (orig. proceeding)); *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005). Generally, the plaintiff's choice of venue will not be disturbed so long as the county in which the plaintiff files suit is at least a permissive venue and no mandatory

---

[1]The term "dominant jurisdiction" is a misnomer because it is not a doctrine of jurisdiction, but of venue. *Phillips v. Phillips*, No. 14-19-00618-CV, 2021 WL 3879262, at *4 n.4 (Tex. App.—Houston [14th Dist.] Aug. 31, 2021, no pet.); *see Gordon v. Jones*, 196 S.W.3d 376, 382–83 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Curtis v. Gibbs*, 511 S.W.2d 263, 266 (Tex. 1974) (dominant jurisdiction resolves venue conflict between two courts with subject-matter jurisdiction).

provision applies to the issues of the case.[2]  *See KW Constr. v. Stephens & Sons Concrete Contractors, Inc.*, 165 S.W.3d 874, 879 (Tex. App.—Texarkana 2005, pet. denied); *Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 678 (Tex. App.—Austin 2003, no pet.). However, unless venue is proper in more than one county, the concept of dominant jurisdiction is inapplicable.  *Gonzalez*, 159 S.W.3d at 622; *see also In re HPGM, LLC*, 629 S.W.3d 418, 422 (Tex. App.—Texarkana 2020, orig. proceeding).

Here, it is undisputed that Powell filed the Gregg County action prior to Baker filing the Mason County action.  Based on that, Powell contends that Gregg County has dominant jurisdiction and that, because Baker failed to show that any of the exceptions[3] to that dominant jurisdiction applied, the trial court clearly abused its discretions in granting Baker's plea in abatement.  Because the issue of mandatory venue is dispositive, we address it first.

"Actions for recovery of . . . an estate or interest in real property, for partition of real property, to remove encumbrance from the title to real property . . . or to quiet title to real property shall be brought in the county in which all or a part of the property is located."  TEX. CIV. PRAC. & REM. CODE ANN. § 15.011.  The Legislature intended this section's mandatory-venue requirement to apply to a broader range of suits involving real property issues.  *See In re Applied Chem. Magnesias Corp.*, 206 S.W.3d 114, 118 (Tex. 2006) (orig. proceeding).  For instance, a declaratory judgment action asking the court to construe or determine the parties'

---

[2]This rule flows from "principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues."  *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 294 (quoting *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988)).

[3]The three commonly accepted exceptions to dominant jurisdiction are:  (1) conduct by a party that estops it from asserting prior, active jurisdiction, (2) the lack of either persons to be joined if feasible or the power to bring them before the court, and (3) the lack of intent to prosecute the first-filed action.  *See In re J.B. Hunt Transp., Inc.*, 492 S.W.3d at 294; *Miles v. Ford Motor Co.*, 914 S.W.2d 135, 138 (Tex. 1995) (per curiam).

rights regarding real property interests is an action involving an interest in real property and therefore falls under the auspices of Section 15.011 and must be filed in the county where the property is located. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011; *In re Applied Chem. Magnesias Corp.*, 206 S.W.3d at 115, 119.

Here, Baker's Mason County action asked the court to construe several of the Agreement's provisions regarding "the rights of HHW in the land belonging to Double 09 and HHR that [had] been used by HHW for company purposes since before 2013." Baker sought construction and interpretation of the following provisions:

a. Paragraph 4.1 which grants to HHW the right to use and enjoy the HH[R] and Double 09 properties in the Company business and for its stated purposes, found in paragraph 2.4 of the agreement and described generally as raising whitetail deer and conducting deer hunts for fees;

b. Paragraph 11.2(c) which provides in no event is HHW acquiring title to the parties' properties;

c. Paragraph 11.1 which deals with termination and winding up and provides no method for Double 09 or HHR to unilaterally terminate HHW's right to use their property;

d. Paragraph 12.10 which contains a waiver by HHR and Double 09 to maintain an action for dissolution of the Company or for partition of the property of the Company;

e. Article 10 regarding Buy-Sell Provisions; and

f. Paragraph 12.16 which seemingly recognizes a right to withdraw as a member and make HHR's land unavailable for Company purposes.

Clearly, the Mason County action seeks a declaratory judgment to construe or interpret a contract affecting an interest[4] in real property. Even Powell admitted that the action sought a "declaratory judgment regarding the use of land that belongs to both HHR and []09." Therefore, the mandatory venue provisions of Section 15.011 require that Baker's claims and any other "inherently interrelated" action be filed where the real property is located—Mason County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.011; *KW Constr.*, 165 S.W.3d at 879.

### B. Inherently Interrelated

Powell argues in the alternative that, even if mandatory venue for Baker's claims were in Mason County, the trial court still abused its discretion in granting Baker's plea to abate the Gregg County action because the two suits are not "inherently interrelated." The two actions are inherently interrelated if the claims made in the Gregg County action are compulsory counterclaims to the Mason County action, and vice versa. *See In re J.B. Hunt Transp.*, 492 S.W.3d at 292.

> A counterclaim is compulsory if: (1) it is a claim within the jurisdiction of the court; (2) not the subject of a pending action; (3) which at the time of filing the pleading the pleader has against any opposing party; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (5) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

*In re Tex. Christian Univ.*, 571 S.W.3d 384, 389 (Tex. App.—Dallas 2019, orig. proceeding); *see* TEX. R. CIV. P. 97(a). Because Powell only challenges whether the claims arise out of the same transaction or occurrence, we need not address the other elements.

---

[4]The easements granted to HHW by HHR and Double 09 are interests in real property, as they are nonpossessory interests that authorize HHW to use the "contributed" properties of HHR and Double 09 for a particular purpose. *See Lance v. Robinson*, 543 S.W.3d 723, 736 (Tex. 2018).

This Court uses the logical relationship test to determine whether counterclaims arise out of the same transaction or occurrence, and that test is met when the same facts, which may or may not be disputed, are significant and logically relevant to both claims. *Cmty. State Bank v. NSW Invs., L.L.C.*, 38 S.W.3d 256, 258 (Tex. App.—Texarkana 2001, pet. dism'd w.o.j.). "Under this test, a transaction is flexible, comprehending a series of many occurrences logically related to one another. To arise from the same transaction, at least some of the facts must be relevant to both claims." *Id.* (citations omitted).

Powell contends that the two actions are not logically related. In support of his argument, Powell cites to this Court's opinion in *Freeman v. Cherokee Water Co.*, where this Court found no logical relation between Cherokee's declaratory judgment action focused on the interpretation of a deed's fishing rights provision and the Freeman's claim that they were induced to execute that same deed through fraud. *Freeman v. Cherokee Water Co.*, 11 S.W.3d 480, 483 (Tex. App.—Texarkana 2000, pet. denied). However, the facts of this case are distinguishable from those of *Freeman*. As in *Freeman*, Baker's Mason County action seeks a declaratory judgment regarding provisions of the Agreement, and Powell's Gregg County action states a claim for fraudulent inducement. But unlike *Freeman*, both actions contain claims that the other party breached the Agreement. Here, both cases will require the trial court to construe various provisions of the Agreement, declare the parties' rights and obligations thereunder, resolve conflicting factual allegations, and determine if a breach occurred. Most notably, Powell's suit alleges that Baker breached the contract by paying salaries to Baker and his son, while Baker's suit seeks a declaratory judgment that he had a right under the Agreement to do so. Furthermore, in Powell's petition for a writ of mandamus to the Fourth Court of Appeals, he admitted that the

11

issues raised in the Mason County action "are essentially the same issues raised and still pending in the Gregg County suit." Accordingly, we find that the elements of the compulsory counterclaim rule are satisfied and that, as stated above, the two suits are logically related to each other because many of the same facts and issues of law will be dispositive in both suits. *See Cmty. State Bank*, 38 S.W.3d at 258–59 (fraudulent inducement claims in executing guarantees were logically related to claim enforcing the guarantees); *Whites Stores, Inc. v. Nowaski*, 760 S.W.2d 53, 55 (Tex. App.—Forth Worth 1988, no writ).

## V.     Conclusion

Based on the foregoing, the trial court did not abuse its discretion in finding that Gregg County did not have dominant jurisdiction over the two actions because Mason County was the mandatory venue. *See In re Red Dot Bldg. Sys.*, 504 S.W.3d at 322 (dominant jurisdiction applies when venue is proper in two or more courts). As we are unable to conclude that the trial court committed a clear abuse of discretion in granting Baker's plea in abatement, we deny Powell's petition for a writ of mandamus.


Scott E. Stevens
Justice


Date Submitted:     March 16, 2022
Date Decided:       March 17, 2022


12