**Opinion issued February 3, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-01054-CV

_____

**ANGELA BASS, Appellant**

**V.**

**MERCEDES BENZ FINANCIAL SERVICES USA LLC, Appellee**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2025-66164**

---

## MEMORANDUM OPINION

Appellant, Angela Bass, filed a notice of appeal attempting to appeal the trial court's October 20, 2025 order granting a writ of sequestration regarding certain property at issue in the underlying litigation. We dismiss the appeal for lack of jurisdiction.

Generally, appellate courts have jurisdiction only over appeals from final judgments unless a statute authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex. 1990) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case . . . to be final and appealable.").

The trial court's October 20, 2025 order granting a writ of sequestration is neither a final judgment nor an appealable interlocutory order. *See Rexford v. Holliday*, 807 S.W.2d 356, 357 (Tex. App.—Houston [1st Dist.] 1991, no writ) ("Sequestration is controlled by chapter 62 of the Texas Civil Practice and Remedies Code. Generally, an order to preserve property under the control of the court, or to dissolve such an order, is interlocutory and is not appealable."); *Morgan v. Univ. Fed. Credit Union*, No. 08-16-00342-CV, 2017 WL 2889064 at *1 (Tex. App.—El Paso July 7, 2017, no pet.) ("Finding that an order granting a writ of sequestration is not an appealable order, we grant the motion and dismiss the appeal for want of jurisdiction."); *see also Anderson v. G & S Auto of Fort Worth VI, LLC*, No. 02-25-00063-CV, 2025 WL 3039141, at *4 (Tex. App.—Fort Worth Oct. 30, 2025, no pet.) ("[W]rits of sequestration are not appealable."). Moreover, even if a final judgment were entered in the underlying case, any issues regarding the writ of sequestration would be rendered moot. *See Anderson*, 2025 WL 3039141, at *4 ("Indeed, because

a writ of sequestration's purpose is to preserve and protect property during the pendency of litigation, once a final judgment is entered, any issues regarding the writ itself become moot.").

On December 31, 2025, the Clerk of this Court notified appellant that this appeal was subject to dismissal for lack of jurisdiction unless appellant filed a written response within 10 days of the notice demonstrating that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of appeal after notice). Appellant did not respond.

On January 8, 2026, a supplemental clerk's record was filed with our Court demonstrating that the trial court voided its sequestration order on December 29, 2025. Thus, even if the sequestration order were subject to appeal, our Court would still lack jurisdiction because any issues regarding the order have been rendered moot. *See Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 864–65 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("[A]ppellate courts lack jurisdiction to decide moot controversies and render advisory opinions.") (quotation omitted).

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.